UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re

DARRIN J. SCHULTZ,

            Debtor.

Chapter 13

Case No. 06-24781

## MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CONFIRMATION

Darrin J. Schultz commenced this case with the filing of a chapter 13 petition on August 29, 2006. The Standing Chapter 13 Trustee filed a timely objection to confirmation of the debtor's plan. A hearing on that objection was held, and the court took the matter under advisement.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (L) and (O), and the court has jurisdiction under 28 U.S.C. § 1334(a). The following constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the trustee's objection is overruled, and the plan shall be confirmed.

## BACKGROUND

Prior to the bankruptcy filing, the lender holding a security interest in the debtor's homestead had commenced foreclosure proceedings, and judgment was entered. The Sheriff's Sale was held on August 3, 2006. According to the lender, $78,644.86 was required to pay off the loan by the date of the sheriff's sale, which was not done. Confirmation of the sale was not held before the debtor filed his chapter 13 petition. The creditor has not moved for relief from the stay to do so, nor has the creditor objected to confirmation of the debtor's proposed plan.

The debtor's plan provides for monthly payments of $533.24 of principal and interest on

the mortgage loan, with the unpaid balance due at the end of 60 months to be paid by refinancing. The plan estimates this final payment to be about $71,195.68. According to the plan, no escrow for taxes is required at this time, and the debtor will maintain his own insurance.

The trustee opposed confirmation of the plan on the grounds that, by providing for monthly payments at the rate due under the mortgage with a balloon payment at the end of the 60-month term, the plan did not comply with the equal payment requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I). The debtor contends his plan is confirmable because 11 U.S.C. § 1322(b)(3) provides for the curing or waiving of any default. He points out that the final scheduled payment under the mortgage extends beyond the term of the plan and cites *In re Davis*, 343 B.R. 326 (Bankr. M.D. Fla. 2006), in support of the argument that 11 U.S.C. § 1325(a)(5)(B)(iii)(I) does not control.

The question, as the parties framed the issue, is whether the debtor's decision to pay the creditor in full under the plan brings the claim within the ambit of the subsection requiring equal payments on a secured claim, or does the debtor's right to cure a default on a secured claim that extends beyond the term of the plan remove the requirement for equal payments, notwithstanding full payment under the plan.

DISCUSSION

Section 1325(a) sets forth the conditions under which a court shall confirm a chapter 13 plan. Subsection 1325(a)(5) describes how allowed secured claims are to be treated in the plan. Under one of the options relevant to payment of secured claims, the plan may require that the holder of the claim retain the lien and that

(5) with respect to each allowed secured claim provided for by the plan –

2

. . .

[B] (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and (iii) if –

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; ....

11 U.S.C. § 1325(a)(5)(B)(iii)(I). Since the debtor's plan provides for current payments of principal and interest with a balloon payment at the end of the plan, amounts that are obviously unequal, the trustee finds this provision objectionable. He contends that the balloon payment makes the plan unconfirmable.

The language in question was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Regarding the new BAPCPA provision, *Collier on Bankruptcy* has concluded as follows:

Section 1325(a)(5)(B)(iii)(I), enacted in 2005, provides that if property to be distributed to the holder of an allowed secured claim is to be in the form of periodic payments, such payments shall be in equal monthly amounts. It is important to note that this provision refers to the distributions to the holder of the allowed secured claim and not to the debtor's plan payments. As long as the plan provides that the trustee's distributions to the holder of the allowed secured claim be in equal monthly amounts, the debtor's plan payments need not be. There also does not seem to be any requirement that the equal monthly amounts extend throughout the plan. A debtor may, for example provide for equal monthly amounts to be distributed to a particular secured creditor for the first 24 months of a 36 month plan or, if the requirement of providing adequate protection is met, the last 24 months of a 36 month plan. Because section 1325(a)(5)(B)(iii)(I) only applies if the plan provides for periodic payments, it also does not preclude a plan providing for a single lump sum payment to a creditor.

8 COLLIER ON BANKRUPTCY ¶ 1325.06[3][b][ii][A] (15th ed. rev. 2006).

The debtor, citing the above *Collier* commentary, argues it makes no sense to allow a debtor to avoid the effect of the equal payment requirement by proposing a one payment plan without intervening adequate protection payments. That is undoubtedly correct. However, when

3

a secured debt is being reinstated under 11 U.S.C. § 1322(b)(5), and the original debt required periodic payments as this one does, a one-payment proposal would not result in the "maintenance of payments" contemplated by subsection 1322(b)(5). While the debtor's plan is better than a one-payment alternative, this argument will not win the day.

There are a few reported decisions interpreting the language of the BAPCPA amendment requiring equal payment on secured claims in the context of a proposal by the debtor to make regular monthly payments followed by a balloon payment at the end of the plan.

The bankruptcy court in *In re Wagner*, 342 B.R. 766 (Bankr. E.D. Tenn. 2006), required equal monthly payments over the life of the plan. In that case, the proposed chapter 13 plan provided for full payment of a mortgagee's surviving in rem claim, following the discharge of the debtor's personal liability for the mortgage debt in her prior chapter 7 case, through 23 payments of $728.00 per month and a balloon payment in the 24th month of the plan. Thus, the plan did not provide for periodic payments to the mortgagee in "equal monthly amounts" as required by 11 U.S.C. § 1325(a)(5)(B)(iii)(I). The court held that it could not be confirmed over the objection of the secured creditor. *Id*. at 772. Like the debt in this case, the original mortgage extended beyond the term of the plan, but for the plan in question (the debtor had proposed three), the proposal was to pay the secured debt in full during the term of the plan. Because the original mortgage would have been a long-term debt, possibly curable under 11 U.S.C. § 1322(c)(1) and (b)(5)[1], the debtor had argued that the equal payment requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I) did not apply. However, the court, citing *In re Nichols*, 440 F.3d 850 (6th

---

[1]It is not clear from the case whether the debtor had to pay the claim in full under the plan because the foreclosure sale was complete under Tennessee law or whether reinstatement was an option. *See* 11 U.S.C. § 1322(c)(2). The distinction is not critical for this analysis.

Cir. 2006), and *In re DeSardi*, 340 B.R. 790 (Bankr. S.D. Tex. 2006), held that equal payments were required.

Likewise, in *In re Lemieux*, 347 B.R. 460 (Bankr. D. Mass. 2006), the court refused to confirm a proposed chapter 13 plan over the objection of both the secured creditor and the trustee. In that case, the original debt matured during the term of the plan. *See* 11 U.S.C. § 1322(c)(2). The plan proposed that the debtors make periodic payments to a junior mortgagee over the first 35 months of their 36-month plan in an amount allegedly sufficient to protect the creditor's interest. The debtors would then use the significant equity that they anticipated would be available to refinance and to make a balloon payment to pay off the creditor in the final month of the plan. The balloon meant that the plan failed to provide the mortgagee with payments in equal monthly amounts, as required by section 1325(a)(5)(B)(iii)(I), and the court denied confirmation. *Id.* at 465. The court quoted *In re DeSardi*, 340 B.R. 790, 804-05 (Bankr. S.D. Tex. 2006), in interpreting the applicable section, holding the statute "require[s] payments to be equal once they begin, and to continue to be equal until they cease." The court in *DeSardi* had also held that distributions need not be equal starting with the first distribution and need not extend for the full term of the plan, but they must be equal as long as they are being made.

Mr. Schultz distinguishes the *Lemieux* case from his own because in the former the mortgage was due in full during the term of the plan. Mr. Schultz's original mortgage and note provide that the last payment is due April 1, 2034, well after the term of the plan.

The debtor urges this court to adopt the approach taken in *In re Davis*, 343 B.R. 326 (Bankr. M.D. Fla. 2006). In that case, the debtor relied upon subsection 1322(b)(5) to cure and maintain payments on her mortgage, the last payment for which was due after the due date of the

5

final plan payment. Her plan proposed to pay the mortgage arrearage at the rate of $0.00 per month for months one through 10, and $122.23 per month for months 11 through 57. The bankruptcy court, examining the interplay between subsection 1325(a)(5) and subsection 1322(b)(5), found subsection 1325(a)(5)(B)(iii) inapplicable and that "equal monthly payments are not required as the claim at issue is one in which arrears on long term debt are being cured." *Id.* at 328. In other words, if the entire secured debt is not being paid, payments to the secured creditor do not have to be equal. This argument was addressed and rejected in *Wagner*, 342 B.R. at 771-72.

This court is not persuaded that subsection 1325(a)(5)(B)(iii) does not apply when only a portion of the allowed secured claim, i.e., current payments and the arrearage, are being paid pursuant to the plan. If that were the case, the balance would be paid after the plan is completed, presumably according to its original terms or a refinance. The payments under the plan, however, are still "property distributed pursuant to this subsection," they are "periodic payments," and they are "with respect to [an] allowed secured claim provided for by the plan." 11 U.S.C. § 1325(a)(5). Section 1322(b)(5) just means that the entire secured claim need not be paid in full under certain circumstances allowing cure of default, but the claim is still an allowed secured claim. This court holds that periodic payments must be equal, period. This applies when the default is cured and only current payments and the arrearage are being paid pursuant to the plan pursuant to 11 U.S.C. § 1322(b)(5) and when a long-term or matured debt are paid in full under the plan. Accordingly, we find the statutory interpretation of the equal payment provision in *Wagner* more persuasive than in *Davis*.

The court in *Davis* based its holding on the fact that the plan provided only for the

6

reinstatement of payments under the original debt, payment of the arrearage, and cure of the default, not payment in full. Apparently, this option could have been chosen by Mr. Schultz. *See In re Wescott*, 309 B.R. 308 (Bankr. E.D. Wis. 2004) (analyzing Wisconsin law regarding cure of default and reinstatement of mortgage under chapter 13 plan when case is filed after foreclosure sale and before confirmation). He could have made regular monthly payments (actually, the mortgage note provides for interest adjustments which might make the payments not *equal*, but we decline to wade into that quagmire right now) and refinanced in month 61, after completion of the plan. Such a plan would meet equal payment requirements of 11 U.S.C. § 1325(a)(5)(B)(iii)(I). However, we must analyze a plan as proposed, not as it might have been proposed.

Here, as in *Wagner*, Mr. Schultz's plan is arguably more favorable to the creditor than the one clearly allowable under *Wescott*. He proposes to pay not just the arrearage but the entire debt before the expiration of 60 months. As with the debtor's one-payment argument discussed above, the fact that a proposal is better for the creditor than the statute provides is not controlling. The merits of the proposal may indeed be the reason the creditor did not object to its treatment under this plan.

This brings the court to an issue that was not addressed by either party. In all of the cases interpreting whether a secured creditor's treatment under a proposed plan required equal payments pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), the creditor had objected. Here, it did not. Certainly, the trustee has a right to be heard whenever there is an issue as to confirmation. 11 U.S.C. § 1302(b)(2)(C). Therefore, he has standing to object that the debtor's plan in some way does not meet the requirements of the Bankruptcy Code.

7

As was stated at the beginning of this decision, the parties focused on whether the debtor's plan provision dealing with a secured creditor met the requirements of 11 U.S.C. § 1325(a)(5). Section 1325(a) states that "[e]xcept as provided in subsection (b), the court *shall* confirm a plan if –" (emphasis added), and the statute goes on to list nine requirements, plus a hanging paragraph. None of the exceptions in subsection 1325(b) apply, nor do the other eight requirements, other than subsection 1325(a)(5) as identified by the parties. However, subsection 1325(a)(5) itself has three parts, and the court addressed the second part, paragraph 1325(a)(5)(B) above. Actually, only a portion of that paragraph, subsection 1325(a)(5)(B)(iii)(I) was put into dispute; nothing else was raised. However, this court is mindful that the prefatory language of 11 U.S.C. § 1325(a) makes it mandatory for a court to confirm a plan if the nine-plus requirements of that subsection are met.

They are. Even 11 U.S.C. § 1325(a)(5).[2] That is because the subsection is in three parts

---

[2]That subsection provides:
(5) with respect to each allowed secured claim provided for by the plan –
    (A) the holder of such claim has accepted the plan;
    (B)(i) the plan provides that –
        (I) the holder of such claim retain the lien securing such claim until the earlier of –
            (aa) the payment of the underlying debt determined under nonbankruptcy law; or
            (bb) discharge under section 1328; and
        (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
    (iii) if –
        (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
        (II) the holder of the claim is secured by personal property, the amount of

8

– (A), (B) (discussed above), and (C) (not applicable) – joined by "or" at the end of paragraph (B). Under the usual rules of statutory construction, only one of the requirements of subsection 1325(a)(5) need be met for the provision to pass muster. 1A Sutherland Statutory Construction § 21:14 (6th ed., updated October 2006) ("Generally, courts presume that 'or' is used in a statute disjunctively unless there is clear legislative intent to the contrary."). Indeed, subsection 1325(a)(5)(C) states that a surrender of the property would meet the requirements of that subsection, which would be mutually exclusive of at least one of the others, and sometimes both. Here, even though the court has held that the debtor's plan runs afoul of 11 U.S.C. § 1325(a)(5)(B), it nevertheless meets the requirement of 11 U.S.C. § 1325(a)(5)(A) in that "(A) the holder of such claim has accepted the plan." The creditor has not objected, and therefore it is deemed to have accepted the plan. *See, e.g., In re Vankell*, 311 B.R. 205 (Bankr. E.D. Tenn. 2004). This is no great surprise as the creditor will receive its money sooner than it would have with a plan pursuant to *In re Wescott*, 309 B.R. 308 (Bankr. E.D. Wis. 2004).

## CONCLUSION

For the reasons discussed above, the court holds that the debtor's proposed plan meets all the requirements of 11 U.S.C. § 1325(a). The trustee's objection to confirmation is overruled, and the plan is confirmed. A separate order will be entered accordingly.

January 12, 2007

Margaret Dee. McGarity
Chief Judge, U.S. Bankruptcy Court

---

such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; **or**
(C) the debtor surrenders the property securing such claim to such holder; ....
11 U.S.C. § 1325(a)(5) (emphasis added).